GROSS, J.
Kendrick Joseph petitions for a writ of certiorari to quash June 19, 2014 orders denying his motion to dismiss in five pending felony cases. He contends that he is entitled to dismissals pursuant to section 916.303(1), Florida Statutes (2013), which provides:
The charges against any defendant found to be incompetent to proceed due to intellectual disability or autism shall be dismissed without prejudice to the state if the defendant remains incompetent to proceed within a reasonable time after such determination, not to exceed 2 years, unless the court in its order specifies its reasons for believing that the defendant will become competent to proceed within the foreseeable future and specifies the time within which the defendant is expected to become competent to proceed. The charges may be refiled by the state if the defendant is declared competent to proceed in the future.
(Emphasis added). Section 916.106(13) defines “intellectual disability” as having “the same meaning as in s. 393.063.” Section 393.063(21) defines “intellectual disability” as follows:
(21) “Intellectual disability” means significantly subaverage general intellectual functioning existing concurrently with deficits in adaptive behavior which manifests before the age of 18 and can reasonably be expected to continue indefinitely. For the purposes of this definition, the term:
(a) “Adaptive behavior” means the effectiveness or degree with which an individual meets the standards of personal independence and social responsibility expected of his or her age, cultural group, and community.
(b) “Significantly subaverage general intellectual functioning” means performance that is two or more standard deviations from the mean score on a standardized intelligence test specified in the rules of the agency.
For purposes of the application of the criminal laws and procedural rules of this state to matters relating to pretrial, trial, sentencing, and any matters relating to the imposition and execution of the death penalty, the terms “intellectual disability” or “intellectually disabled” are interchangeable with and have the same meaning as the terms “mental retardation” or “retardation” and “mentally retarded” as defined in this section before July 1, 2013.
None of the evaluations of the defendant have ever found Joseph to have met the statutory definition of “intellectual disability.” Some recent evaluations found that Joseph suffered from a mental illness; however, the statutory definition of “mental illness” “does not apply to defendants who have only an intellectual disability.” § 916.106(14), Fla. Stat. (2013). Section 916.145, Florida Statutes (2013), provides for the dismissal of charges after five *743 years where incompetency is due to mental illness.
Joseph has not demonstrated that he is statutorily entitled to dismissals at this time. The petition for writ of certiorari is denied.
MAY, J., concurs.
WARNER, J., concurs specially with opinion.